**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23169-ALTMAN**

**WILFREDO ALBERTO LEZAMA GARCIA**,

     *Petitioner*,

*v.*

**MIAMI FIELD OFFICE DIRECTOR**, *et al.*,

     *Respondents.*

_____/

## ORDER AFTER HEARING

On March 25, 2026, we held a hearing, during which the parties had "the opportunity to present evidence concerning the likelihood of the Petitioner's removal." *Lezama Garcia v. Miami Field Off. Dir.*, 2026 WL 632351, at *7 (S.D. Fla. Mar. 6, 2026). *See* Paperless Minute Entry [ECF No. 43]. The parties received notice on March 6, 2026, that a hearing would be held. *See* Order Denying in Part Second Amended Petition [ECF No. 39]. And the parties received detailed guidance as to the types of evidence that courts consider in resolving claims under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See, e.g.*, *Lezama Garcia*, 2026 WL 632351, at *5–*6 ("That evidence can include the government's contact with a foreign country, whether the country is accepting individuals removed from the United States, whether flights are regularly being scheduled to the country, and/or whether the country routinely issues travel documents . . . . What's more, courts in this Circuit have consistently held that, when a habeas petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future." (cleaned up)).

Despite that notice and guidance, the Respondents admitted at the hearing that they were unable to present *any* evidence or produce even *one* witness or affidavit. They further conceded that the position they offered on February 11, 2026—that the Petitioner's "[r]emoval is [e]xpected to be

effected within the [r]easonably [f]orseeable [f]uture," Response to Order to Show Cause (the "Response") [ECF No. 33] at 8 (cleaned up)—was made in error by a fill-in lawyer who was not up to speed on the facts of this case, *see* Notice [ECF No. 41] (explaining that the Respondents in fact "suspended . . . efforts to remove Petitioner from the United States" between July 18, 2025, and March 6, 2026).

The record before us leaves only one choice. The Respondents failed to provide *any* evidence that the Petitioner's removal is significantly likely to occur in the reasonably foreseeable future, supplied inconsistent positions about effectuating removal, and acknowledged that the "Petitioner has been detained since July 6, 2025." Resp. at 7. Binding Supreme Court precedent thus makes clear that the Petitioner must be released from his current detention. *See Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 406 (2024) (noting that "lower courts" remain "bound by even . . . crumbling precedents").

Justice Holmes once wrote that "[m]en must turn square corners when they deal with the Government." *Rock Island, A. & L. R. Co. v. United States*, 254 U.S. 141, 143 (1920). "But it is also true, particularly when so much is at stake, that the Government should turn square corners in dealing with the people." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 24 (2020) (quotation marks omitted); *see also United States v. Menas Asprilla*, 2023 WL 3496459, at *8 (S.D. Fla. May 17, 2023) (Altman, J.) ("[A]t that hearing, the Government failed to produce *even a single witness* who could establish that the Defendants were asked to make a claim of nationality or registry for their vessel— an oversight the Government's lawyer readily conceded. That's really the end of that." (cleaned up)).

Because we must follow the demands of *Zadvydas*, we **GRANT in part** the Second Amended Petition for Writ of Habeas Corpus [ECF No. 27] and **ORDER** the Respondents to immediately release the Petitioner from detention.

**DONE AND ORDERED** in the Southern District of Florida on March 26, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3